UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHANIE LEBOUEF | CIVIL ACTION |
| VERSUS | NO: 07-5755 |
| GLOBAL X-RAY AND TESTING CORP., ET AL. | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court is Defendant Christopher Moreau's Motion to Stay (Rec. Doc. 16). For the reasons below, Defendant's Motion is **DENIED**.

**BACKGROUND**

Plaintiff has filed this civil action against Defendant Christopher Moreau, alleging that Defendant sexually assaulted her in January 2007. Plaintiff has also filed criminal charges. At this time, the Attorney General has neither indicted the Defendant or dismissed the charges against Mr. Moreau.

**PARTIES' ARGUMENTS**

Both the Plaintiff and the Defendant rely on balancing six factors in evaluating whether a stay is appropriate: (1) the extent to which the issues in the criminal case overlap

with those in the civil case;

(2) the status of the criminal case, including whether the defendants have been indicted;

(3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation;

(4) the private interest of, and burden on, the defendant;

(5) the interest of the courts; and

(6) the public interest.

*Librado v. M.S. Carriers, Inc.*, No. 02-2095D, 2002 WL 31495988 (N.D. Tex. Nov. 5, 2002)(*citing Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

    Defendant interprets the balancing approach in favor of staying the present action.  For the first factor, Defendant argues that the criminal and civil charges arise out of identical allegations.  If the present suit was to go forward before the criminal action, Defendant's Fifth Amendment privilege against self incrimination could be undermined and fruits of civil discovery could be used to bolster the criminal case.  Regarding the second factor, Defendant is unaware of the status of the criminal case.  Under factors three and four, Defendant argues that his interest outweighs Plaintiff's interest in timely adjudication.  Defendant contends that present action would leave

him in the "quandary of choosing between waiving Fifth Amendment rights or effectively forfeiting the civil case." *Transworld*, 886 F. Supp. at 1140. Examining factor five, Defendant states that the court's interest would be served by a stay as matters of discovery and settlement would be impacted by the criminal action. Finally, Defendant argues that the public has little interest in this litigation and thus factor six is neutral.

In opposing the stay request, Plaintiff first argues that a stay is inappropriate because Defendant has not invoked his Fifth Amendment privilege. Turning to the six factors above, Plaintiff stresses that because Defendant has not been indicted on criminal charges, a stay is unwarranted. It is unknown whether Defendant will ever be indicted, and if he is, when the criminal case will be resolved. Although the issues in the criminal and civil cases overlap, given that the Plaintiff is a private citizen, rather than the government, there is less potential for manipulating the more lenient civil discovery process as a means of conducting criminal discovery. Under factor four, Plaintiff states that she will be significantly burdened by delay, as the availability of witnesses, documents, and execution of any judgment are adversely affected by the passage of time. Plaintiff's interests outweigh Defendant's as his alleged misconduct created the very situation that he now tries to evade. Turning to factor five, Plaintiff

3

argues that staying the action would inconvenience the court because of the indefinite status of the criminal case. Finally, Plaintiff contends that the public interest in redressing sexual harassment in the workplace is significant.

## DISCUSSION

A district court may stay a civil action pending the resolution of a related criminal proceeding under "special circumstances." *S.E.C. v. First Financial Group*, 659 F.2d 660, 668 (5th Cir. 1981). To determine whether special circumstances exist, the court must "balance the competing constitutional and procedural interests of the parties.," as illustrated through the six-factor test above. *Hatten ex rel. Mast v. Gimelstob*, Nos. 96-243, 96-2734, 1996 WL 627863 (E.D. La. Oct. 29, 1996).

The first factor, the extent of overlap in the civil and criminal matters, is considered the most important. *Id.* Here, the Plaintiff's claims arise out of identical allegations to those made in the criminal matter. Plaintiff concedes that the issues in the two matters are parallel.

Factor two, the status of the criminal case, is largely linked with the fourth factor, the potential burden on Defendant in not granting the stay. Where a criminal indictment has been issued, there is greater risk of self incrimination and "a court should strongly consider staying the civil proceedinguntil the

4

related criminal proceedings are resolved." *Whitney Nat'l Bank v. Air Ambulance ex rel. B.&C. Mgmt.*, No. 04-2220, 2007 WL 1468417 (S.D. Tex. May 18, 2007).  Here, Defendant has not been indicted and there is no indication whether he ever will be.  Courts have held that where there has been no indictment, "the status of the criminal case weighs heavily against granting a stay."  *Hernandez v. Fincher*, 2005 U.S. Dist. LEXIS 7694 (N.D. Tex. 2005)(*citing S.E.C. v. Dresser Indus.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)).  Furthermore, as Defendant has not been indicted, there is a lower risk of self incrimination.  Defendant has indicated that at the present time, he has no intention of invoking his Fifth Amendment rights.  Any potential burden on Defendant's rights is speculative and should not be the basis for a stay until the commencement of criminal proceedings.

Considering the third factor, the plaintiff's interest in expeditious litigation, the Plaintiff argues that the passage of time will affect witness testimony, available documents, and the ability to execute any judgment.  Defendant counters that he only seeks a stay of 90 days to allow him to determine the status of criminal charges.  However, because there is no guarantee that there will be any developments in the criminal case during that time, Defendant's timeline appears arbitrary and is not correlated with the burden of his rights which he alleges.

5

The fifth factor, interest of the court, weighs against staying this matter because without a criminal action pending, there is no way to determine, if Defendant is eventually charged, when such proceeding would end.  *See Citibank, N.A. v. Hakim*, No. 92-6233, 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993).

Finally, considering the public interest, societal needs can best be served through a criminal action and thus the public interest would not be significantly impacted by a stay.  *Shell Offshore Inc. v. Courtney*, 05-1956, 2006 WL 1968926 (E.D. La. July 12, 2006).

On balance, the six factors do not support a stay.  The status of the criminal proceeding heavily weighs against a stay and the remaining five factors do not cumulatively outweigh that element.  If during this civil action, Defendant is indicted, the Court may need to reevaluate the need to stay the current matter. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay (Rec. Doc. 16) is **DENIED**.

New Orleans, Louisiana this the 29th day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE